**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JUSTINE OSORO MOCHAMA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 15-9182-KHV |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Justine Osoro Mochama, a citizen of Kenya, brings suit against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Plaintiff asserts claims for assault, battery and negligence, alleging that government officials violently attacked him and failed to provide medical care during his detention on immigration matters.[1] Complaint (Doc. #1) filed July 23, 2015. See id. This matter comes before the Court on the United States' Motion To Dismiss (Doc. #8) filed March 10, 2016. Defendant urges the Court to dismiss plaintiff's claims due to untimely and/or insufficient service of process. For reasons stated below, the Court overrules defendant's motion.

**Factual And Procedural Background**

Plaintiff filed suit on July 23, 2015. Pursuant to Rule 4(m), Fed. R. Civ. P., plaintiff had 120 days – or until November 20, 2015 – to serve defendant.[2] Plaintiff did not serve defendant by

---

[1] Plaintiff filed a separate lawsuit against individual government officials. See Mochama v. Zwetow, et al., 14-2121-KHV. The same attorney represents plaintiff in both cases.

[2] Before December 1, 2015, Rule 4(m) provided a time limit of 120 days to serve defendant. Effective December 1, 2015, Rule 4(m) was amended to reduce the period to effect service from 120 days to 90 days. The 90-day period under amended Rule 4(m) applies to cases

(continued...)

that date. On November 25, 2015, Magistrate Judge Gwinne E. Birzer ordered plaintiff to show good cause why the Court should not dismiss the case for lack of prosecution under Rule 41(b), Fed. R. Civ. P. See Notice And Order To Show Cause (Doc. #5). In response to the show cause order, plaintiff asserted that counsel did not timely effect service due to excusable neglect by office staff.[3] See Plaintiff[']s Response To Order To Show Cause And Request For Thirty-Day Extension (Doc. #6) filed December 8, 2015. Plaintiff asserted that the statute of limitations would likely bar refiling and requested 30 additional days to effect service. See id. at 2-4.

On January 15, 2016, the Court extended to February 5, 2016, the time for plaintiff to effectuate service. See Order (Doc. #7) at 2. In the order, the Court warned plaintiff that failure to serve defendant by that date might result in dismissal of the case without further notice. See id. Plaintiff did not serve defendant by February 5, 2016 or request an extension of time to do so. To date, plaintiff has not filed a return of service in the case.

On March 10, 2016, defendant filed its motion to dismiss plaintiff's claims. Defendant asserts that on February 16, 2016, i.e. 11 days after the court-extended deadline of February 5, 2016, plaintiff delivered the complaint and summons via FedEx to the United States Attorney for the District of Kansas and the United States Attorney General. See Memorandum In Support Of The United States' Motion To Dismiss ("Defendant's Memorandum") (Doc. #9) filed March 10, 2016

---

[2](...continued)
filed on or after December 1, 2015. See D. Kan. Standing Order No. 15-02. Here, plaintiff filed suit in July of 2015, so the 120-day period applies.

[3]  Specifically, plaintiff asserted that counsel had assigned staff to prepare summons for the clerk to serve. Counsel understood that staff had completed that task, and did not know that staff had not sent the summons by certified mail to appropriate recipients. See Plaintiffs [sic] Response To Order To Show Cause And Request For Thirty-Day Extension (Doc. #6) filed December 8, 2015 at 2.

at 2.

## **Analysis**

Defendant urges the Court to dismiss plaintiff's claims because plaintiff did not timely or properly serve defendant. Plaintiff asks the Court to accept untimely service or allow additional time to cure defective service.

As noted, plaintiff did not serve defendant by the extended deadline of February 5, 2016. Plaintiff provides no explanation for his failure to do so.[4] Plaintiff asks the Court to extend the time for service and either (1) recognize valid service via FedEx on February 16, 2016 or (2) allow additional time to cure the deficiency. In support of the request, plaintiff asserts that defendant has suffered no prejudice and the statute of limitations would bar plaintiff from refiling the claims.

Where plaintiff seeks an extension of time to serve defendant, the preliminary inquiry under Rule 4(m) is whether plaintiff has shown good cause for failure to timely effect service. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir.1995). If plaintiff shows good cause, he is

---

[4] In response to defendant's motion to dismiss, plaintiff states as follows:

> Plaintiff concedes his service on the Attorney General and the United States occurred ten days after the Court directed him to complete service. Plaintiff also concedes that counsel's unfamiliarity with the particular nuances of Rule 4(i) and the supposed "FedEx" rule Defendant advances in its motion might not amount to "good cause." However, counsel would note that the delay in service is not attributable to the Plaintiff, Mr. Mochama, who is a detained, indigent immigrant who brings this FTCA claim after being physically assaulted by Immigration officers while in federal custody. Because dismissal of this matter would prevent Mr. Mochama from being able to re-file it, given that the statute of limitations would have run, he respectfully requests that the Court apply Rule 4(i)(4) and permit him to cure any defect in the service of the Complaint.

Suggestions In Opposition To Defendant's Motion To Dismiss ("Plaintiff's Opposition") (Doc. #10) filed March 31, 2016 at 2 n.1.

-3-

entitled to a mandatory extension of time. If plaintiff does not show good cause, the Court must consider whether a permissive extension of time is warranted or whether to dismiss the case without prejudice. Id. Even where plaintiff has not shown good cause, courts prefer to decide cases on their merits rather than technicalities. See McCormick v. Medicalodges, Inc., No. 05-2429, 2006 WL 1360403, at *1 (D. Kan. May 17, 2006) (citing Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)). Thus, the Court has discretion to permit late service even absent a showing of good cause. See Turner v. Nat'l Council of State Bds. of Nursing, No. 11-2059-KHV, 2012 WL 1435295, at *5 (D. Kan. April 24, 2012).

In evaluating whether to allow untimely service in this case, the Court is mindful of the fact that on proper motion, it could have granted a permissive extension of time even if plaintiff had not shown good cause for failure to make timely service. See, e.g., Hunsinger v. Gateway Mgmt. Assocs., 169 F.R.D. 152, 155 (D. Kan. 1996). Several factors would have guided this inquiry including whether defendant would have been prejudiced by an extension, whether defendant was on notice of the lawsuit and whether the applicable statute of limitations would bar the refiled action. Espinoza, 52 F.3d at 842; Booker v. Merck Human Health, Inc., No. 99-2069, 2000 WL 382000, at *3 (D. Kan. Jan.19, 2000). Although the Court is dismayed at counsel's repeated lack of diligence in effecting service and/or requesting an extension of time to do so, it is cognizant of the fact that dismissing the complaint would likely bar plaintiff's claims. Moreover, defendant has received notice of the lawsuit and asserts no prejudice as a result of the delay in service. Under these circumstances, the Court will allow plaintiff a short extension of time to effect valid service under

under Rule 4(i)(1), Fed. R. Civ. P.[5]

As noted, on February 16, 2016, plaintiff delivered the complaint and summons via FedEx to the United States Attorney for the District of Kansas and the United States Attorney General. The parties dispute whether delivery by FedEx constitutes valid service under Rule 4(i), Fed. R. Civ. P. See Defendant's Memorandum (Doc. #9) at 9-10; Plaintiff's Opposition (Doc. #10) at 4-6. The Court declines to resolve this dispute and instead orders plaintiff to strictly comply with the requirements of Rule 4(i)(1).

On or before **March 8, 2017**, plaintiff may effect service on defendant pursuant to the procedures set forth in Rule 4(i)(1). In addition, on or before **March 15, 2017**, plaintiff must file proof of such service.

**The Court advises plaintiff that failure to effectuate service by March 8, 2017 and file proof of service by March 15, 2017 will result in immediate dismissal of this case without further notice. The Court further advises counsel that in the future it will not act so charitably with respect to dilatory performance.**

---

[5] Rule 4(i)(1) provides the procedure for serving the United States as follows:

> To serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or (ii) send a copy of each **by registered or certified mail** to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each **by registered or certified mail** to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1) (emphasis added).

**IT IS THEREFORE ORDERED** that the United States' Motion To Dismiss (Doc. #8) filed March 10, 2016 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before **March 8, 2017**, plaintiff may effect service on defendant pursuant to the procedures set forth in Rule 4(i)(1), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that on or before **March 15, 2017**, plaintiff shall file proof of such service.

**IT IS FURTHER ORDERED** that the magistrate judge set a scheduling conference and expedite all further proceedings in the case.

Dated this 27th day of February, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge